IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00111-RM-BNB

JOE M. TONEY, JR.,

Plaintiff,

v.

WARDEN BERKEBILE,
A.W. HALL,
A.W. KUTA,
S.I.S. REDDEN,
R. MARTINEZ,
MS. RANGEL,
MS. SUDLOW, and
MR. MADISON,

Defendants.
_____

**ORDER**
_____

This matter arises on the following materials filed by the plaintiff:

(1)  **Plaintiff's Motion to Strike the Defendants' Argument of Answer** [Doc. #48,

filed 06/28/2013] (the "Motion to Strike the Answer");

(2)  **Plaintiff's First Set of Interrogatories to Defendants** [Doc. #50, filed 07/09/2013]

(the "Interrogatories"); and

(3)  **Motion for Appointment of Counsel** [Doc. #52, filed 07/22/2013] (the "Motion for

Counsel").

The Motion to Strike the Answer and the Motion for Counsel are DENIED, and the

Interrogatories are STRICKEN.

**The Motion to Strike the Answer**

The Motion to Strike the Answer is largely incomprehensible and without basis. See Rule 12(f), Fed.R.Civ.P. (permitting the court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter"). However, it does appear to challenge the timeliness of the defendants' Answer. *Motion to Strike*, ¶¶4-5. I construe the Motion to Strike the Answer as a motion for entry of default against the defendants.

On April 16, 2013, the United States Marshal filed Process Receipt and Returns which show that the defendants were served with process on April 4, 2013 [Doc. #36]. Under Rule 12(a), Fed. R. Civ. P., a United States officer or employee must serve an answer within 60 days of service. Therefore, the defendants were required to file their Answer on or before June 3, 2013. The defendants did not file their Answer until June 14, 2013 [Doc. #43].

Rule 55(a)(1), Fed. R. Civ. P., provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Entry of default under this provision may be made by the Clerk of the Court and does not require the involvement of a judicial officer. The delegation of authority to the Clerk of the Court does not divest me of the power to review the request, however. See Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2682 at p. 19.

Decisions to enter judgments by default are committed to the discretion of the district court and are reviewed for abuse of discretion. Dennis Garberg & Assoc., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 771 (10th Cir. 1997). A default judgment is a harsh sanction, contrary to the preferred policy that favors the resolution of disputes on the merits. Ruplinger v. Rains,

946 F.2d 731, 732 (10th Cir. 1991). Consequently, default normally is appropriate only when the adversary process has been halted because of an essentially unresponsive party. Id.

Here, the Answer was filed 11 days late, and it asserts several defenses to the plaintiff's claims. Since filing their Answer, the defendants have submitted a status report ordered by the district judge; responded to the Motion to Strike the Answer; and participated in a Scheduling Conference. The defendants have indicated their intention to defend the action, and there has been only a slight delay in the proceedings which has not resulted in any prejudice to the plaintiff. See 10A Wright, Miller & Kane, supra, §2685 at pp.32-36. Under these circumstances, entry of default is not appropriate, and the Motion to Strike the Answer is denied.[1]

## The Interrogatories

The plaintiff has filed a copy of his Interrogatories to the defendants. Discovery materials shall not be filed with the Court. Fed.R.Civ.P. 5(d). The Interrogatories are stricken.

## The Motion for Counsel

This is the plaintiff's second motion for appointment of counsel. In denying his first, I considered the following factors pursuant to Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995): (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of legal issues

---

[1]The defendants argue that under Rule 55(e), "the United States cannot be defaulted unless a plaintiff establishes his claim by evidence." *Response to Motion to Strike* [Doc. #51], ¶ 4. Rule 55(e) does not exist. Rule 55(d) provides that "[a] default **judgment** may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." (Emphasis added.) The rule does not address **entry of default** against the United States.

raised by the claims. I found that the plaintiff's Amended Complaint adequately presents the plaintiff's claims; the factual and legal issues raised by the claims are not complex; and the allegations of the Amended Complaint did not convince me that the plaintiff's chances of succeeding on the merits are strong. *Order* [Doc. #37]. The plaintiff's current motion does not contain any argument or allegations which would alter my analysis. The Motion for Counsel is denied.

IT IS ORDERED:

(1) The Motion to Strike the Answer [Doc. #48] is construed as a motion for entry of default against the defendants and is DENIED;

(2) The Interrogatories [Doc. #50] are STRICKEN; and

(3) The Motion for Counsel [Doc. #52] is DENIED.

Dated July 29, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge