IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00111-RM-BNB

JOE M. TONEY, JR.,

Plaintiff,

v.

WARDEN BERKEBILE,
A.W. HALL,
A.W. KUTA,
S.I.S. REDDEN,
R. MARTINEZ,
MS. RANGEL,
MS. SUDLOW, and
MR. MADISON,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the plaintiff's **Motion for a Temporary Restraining Order and a Preliminary Injunction** [Doc. #59, filed 07/29/2013] (the "Motion").[1]  I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff is currently incarcerated by the United States Bureau of Prisons at the United States Penitentiary in Florence, Colorado.  He filed his Amended Prisoner Complaint [Doc. #20] (the "Amended Complaint") on February 15, 2013.  The Complaint asserts several claims against the defendants for interfering with his incoming and outgoing mail and failing to properly process certain grievances.

---

[1]The plaintiff also filed two declarations in support of his Motion [Docs. ## 59 and 61]. The declarations do not alter my analysis of the Motion.

In his Motion, the plaintiff complains that on July 2, 2013, "Mr. Griggs" prevented him from making a telephone call; on July 23, 2013, "Mr. Cedend" refused to provide him with copies of documents; "SIS Roe" and "SIA Bier" refused to investigate his allegations; and on July 14, 2013, "Doctor Goodin" and "Mr. Andreis" refused to order a medication.  None of the individuals are named as defendants in this case.  He seeks an order enjoining the individuals from "not returning remedy's responses and BP (8) responses, harassments, pharmacy medication not (fill) order, refusing of phone call to a witness intend to use in this case, refusing an investigation, from not answering copouts and making rounds on teir to address retaliation of staff."[2]  *Motion*, pp. 2-3.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings.  Haines v. Kerner, 104 U.S. 519, 520-21 (1972).  Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff is seeking both a temporary restraining order and a preliminary injunction.  However, where the opposing party has notice, as here, "the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction" under Fed. R. Civ. P. 65(a).  Emmis Communications Corp. v. Media Strategies, Inc., 2001 WL 111229, *2 (D. Colo. Jan. 23, 2001).

Injunctive relief is a drastic remedy and is granted only in cases where the right to relief is clearly established.  Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964).  The burden is on

---

[2] I have quoted the plaintiff's filings as written, without correction or acknowledgment of error.

the movant to establish his right to the relief requested. Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975). To obtain a preliminary injunction under Rule 65(a), the plaintiff must show that (1) he will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits. Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980). The plaintiff's right to relief must be clear and unequivocal. Penn, 528 F.2d at 1185.

The plaintiff does not discuss any of the Lundgrin factors. Moreover, the plaintiff may not use this action to seek an injunction concerning events and defendants that are unrelated to those asserted in the Amended Complaint. If the plaintiff wishes to assert a claim for injunctive relief regarding unrelated events and defendants, he must (after exhausting available administrative remedies) either file a separate complaint raising those issues or seek leave to amend his complaint to include those claims.

I respectfully RECOMMEND that the plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction [Doc. #59] be DENIED.[3]

---

[3]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 14, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge