IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00111-RM-BNB

JOE M. TONEY, JR.,

Plaintiff,

v.

WARDEN BERKEBILE,
A.W. HALL,
A.W. KUTA,
S.I.S. REDDEN,
R. MARTINEZ,
MS. RANGEL,
MS. SUDLOW, and
MR. MADISON,

Defendants.

_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion for a Change of Venue** [Doc. #98, filed 12/04/2013] (the "Motion"). The plaintiff requests a "change of venue" because he did not consent for me to "reside over" the case and he is not receiving "fair and impartial proceedings." *Motion*, ¶¶ 2-3. I construe the Motion [Doc. # 98] as a request that I recuse, and it is DENIED.

The issue of recusal is addressed by two separate statutes. Disqualification of a judge under 28 U.S.C. § 144 requires the following showing:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceedings.

The plaintiff has not submitted a supporting affidavit with his Motion.  Therefore, he does not provide a basis upon which I should recuse under 28 U.S.C. § 144.

A party may also seek the disqualification of a judge under 28 U.S.C. § 455.  Section 455 provides in relevant part:

> (a)  Any justice, judge, or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . .

The decision to recuse is committed to the sound discretion of the district court.  In exercising that discretion, the Tenth Circuit Court of Appeals has provided the following guidance:

> Under § 144, the affidavits filed in support of recusal are strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial. Conclusions, rumors, beliefs and opinions are not sufficient to form a basis for disqualification.  Under § 455, the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.  Moreover, there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is.

United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992)(internal citations omitted).

Similarly, in United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993), the circuit court reiterated:

> Thus, in addition to other factors, this and other courts have identified various matters arising in cases where §§ 144, 455(a), or 455(b)(1), which will not ordinarily satisfy the requirements for disqualification . . .: (1) Rumor, speculation, beliefs, conclusions,

> innuendo, suspicion, opinion, and similar non-factual matters; (2) the mere fact that a judge has previously expressed an opinion on a point of law, or has expressed a dedication to upholding the law or a determination to impose severe punishment with the limits of the law upon those found guilty of a particular offense; (3) prior rulings in the proceeding, or another proceeding, solely because they were adverse; (4) mere familiarity with the [parties], or the type of charge, or kind of defense presented; (5) baseless personal attacks on or suits against the judge by a party; (6) reporters' personal opinions or characterizations appearing in the media . . .; and (7) threats or other attempts to intimidate the judge.

(Internal citations omitted.)

Also applicable is the holding of the United States Supreme Court in Liteky v. United States, 510 U.S. 540, 555-56 (1994):

> It is enough for present purposes to say the following: First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves, (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, these are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

The Motion is not a model of clarity. The plaintiff states that the defendant's counsel and I "reside over inmate Robert Blackman case"; the plaintiff's claims are similar to Mr. Blackman's claims; and therefore, a conflict of interest exists. *Motion*, ¶¶ 5-7. The plaintiff does not explain the nature of the conflict, and I am unable to discern any.

The plaintiff also states that in a minute order issued on November 21, 2013 [Doc. #90], I would not allow the him to file a reply in support of his motion. Id. at ¶ 8. The plaintiff has

mischaracterized the record. I ordered a response to the motion from the defendants, and I stated that "[n]o reply will be accepted without leave of court."

The plaintiff complains that he has not received a response to his Second Request for Production of Documents, the defendants have failed to comply with Rule 26(f), and he is being prohibited from participation in discovery. *Motion*, ¶¶ 9-11. The plaintiff filed a motion to compel discovery on November 20, 2013 [Doc. #88]. The defendant's were ordered to respond to the motion on or before December 11, 2013. The plaintiff's discovery concerns have not been addressed by the court because the issue is not fully briefed.

Finally, the plaintiff states that "the court consistently is denying plaintiff's motion . . . ." Id. at ¶ 11. Adverse rulings, without more, do not satisfy the requirements for disqualification. Cooley, 1 F.3d at 993; Liteky, 510 U.S. at 555-56.

The plaintiff has failed to set forth any reasons to justify my recusal under 28 U.S.C. § 455 or 28 U.S.C. § 144. The plaintiff has presented no facts (nor made any specific allegations) from which a reasonable person could infer or conclude that I am biased or prejudiced against him. I hold no bias nor enmity against the plaintiff. Under these circumstances, I am required to continue to serve pursuant to the Order of Reference entered by the district judge.

IT IS ORDERED that the Motion [Doc. #98] is DENIED.

Dated December 11, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge