IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00111-RM-BNB

JOE M. TONEY, JR.,

Plaintiff,

v.

WARDEN BERKEBILE,
A.W. HALL,
A.W. KUTA,
S.I.S. REDDEN,
R. MARTINEZ,
MS. RANGEL,
MS. SUDLOW, and
MR. MADISON,

Defendants.

_____

# ORDER

_____

This matter arises on the following papers:

(1) **Plaintiff's Motion for a Protective Order and Order to Compelling** [sic]

**Disclosure or Discovery** [Doc. #88, filed 11/20/2013] (the "Motion for Protective Order/Motion

to Compel");

(2) **Motion to Seek Leave to Serve Additional (25) Interrogatories and (25)**

**Admissions** [Doc. #110, filed 01/02/2014] (the "Motion to Serve Additional Discovery");

(3) **Declaration of Jeremy Pinson** [Doc. #102, filed 12/13/2013];

(4) **Declaration of Joe M. Toney, Jr.** [Doc. #103, filed 12/13/2013];

(5) **Declaration of Joe M. Toney, Jr.** [Doc. #111, filed 01/02/2014];

(6)   **Motion for Subpoena and Service by U.S. Marshal** [Doc. #117, filed 01/24/2014]

(the "Motion for Subpoena"); and

(7)   **Motion for Order Permitting Deposition of Witnesses** [Doc. #118, filed

01/24/2014] (the "Motion for Depositions").

The plaintiff currently is incarcerated by the Federal Bureau of Prisons ("BOP") at the

United States Penitentiary-Administrative Maximum in Florence, Colorado ("ADX").   He filed

his Amended Prisoner Complaint on February 15, 2013 [Doc. #20] (the "Amended Complaint").

The Amended Complaint asserts several claims against the defendants for interfering with his

incoming and outgoing mail and failing to properly process certain grievances.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings.   Haines v.

Kerner, 404 U.S. 519, 520-21 (1972).   I cannot act as advocate for a *pro se* litigant, however,

who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.

Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

### Motion for Protective Order/Motion to Compel

The Motion for Protective Order/Motion to Compel seeks  (1) a protective order, (2) an

order compelling the defendants to respond to interrogatories, and (3) an extension of the

discovery cut-off date.   As a preliminary matter, the Motion for Protective Order/Motion to

Compel contains immaterial and impertinent statements and *ad hominem* attacks against the

defendants and defendants' counsel.   For example, the plaintiff repeatedly accuses the

defendants and defendants' counsel of committing "malicious acts."   He also accuses the court of

"incorrectly" striking his first set of interrogatories.[1]   I will not tolerate the plaintiff's immaterial

---

[1]On July 29, 2013, I struck [Doc. #58] the plaintiff's interrogatories because discovery
materials shall not be filed with the court. Fed. R. Civ. P. 5(d).

and impertinent statements and *ad hominem* attacks against the defendants and defendants' counsel.

The Federal Rules of Civil Procedure provide that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed.R.Civ.P. 26(c)(1).  The plaintiff does not allege that anyone is seeking discovery from him. Therefore, Rule 26(c) does not provide him any relief.

Moreover, the plaintiff's bases for seeking a protective order are incomprehensible.  The plaintiff states that the defendants have refused to comply with Rule 26(f) of the Federal Rules of Civil Procedure.  However, Rule 26(f) does not apply to an action brought by a *pro se* prisoner. Fed.R.Civ.P. 26(a)(1)(B).

Next, the plaintiff states that defendant Rangel has conspired with the defendants to prevent the plaintiff from contacting a witness.  He cites to his attached Exhibit A in support of this statement.  Exhibit A contains copies of several letters the plaintiff sent to prison officials wherein he requests to telephone his mother to take her deposition.  He refers to his mother as a "witness" and to the call as a "legal call."  A telephone call with only one party present cannot constitute a deposition.  The plaintiff's requested relief relating to his inability to call his mother is denied.

Finally, the plaintiff complains that defendant Redden opened and held his legal mail which caused him to miss a deadline on appeal.  He cites to Exhibit B in support of this complaint.  The plaintiff's allegations are vague and conclusory, and Exhibit B does not clarify them.  Any relief sought by the plaintiff relating to his legal mail is denied.

The plaintiff seeks an order compelling the defendants to respond to his interrogatories. He states that he is entitled to 25 interrogatories from each defendant and that defendant Rangel has refused to answer the interrogatories he served on her.  At the scheduling conference, I informed the parties that they were entitled to 25 interrogatories **per side**.  In addition, the Scheduling Order [Doc. #55] clearly states that discovery is limited to 25 interrogatories **per side**.  At the time the plaintiff served his interrogatories on defendant Rangel, he had already served, and received responses to, 25 interrogatories.  He has served a total of 215 interrogatories.  He is not entitled to serve more than his initial 25 interrogatories, and his motion to compel is denied.

The plaintiff requests that the Scheduling Order be modified to extend the discovery deadline.  Pursuant to Rule 16(b)(4), Fed. R. Civ. P., a scheduling order may be modified only upon a showing of good cause.  The Advisory Committee Notes to Rule 16 provide the following guidance about the meaning of good cause as used in Rule 16:

> [T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.  Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test.

Advis. Comm. Notes for 1983 Amend.

The plaintiff does not describe the additional discovery he seeks; its relevance to this case; or why he could not, despite diligent efforts, meet the current Scheduling Order deadlines. The plaintiff has failed to establish the existence of good cause, and his request to modify the Scheduling Order is denied.

**Motion to Serve Additional Discovery**

In his Motion to Serve Additional Discovery, the plaintiff seeks to amend the Scheduling Order to permit him to serve an additional 25 interrogatories and an additional 25 requests for admissions.  Again, he does not describe the nature or relevancy of the additional discovery.  He states that (1) he "assumed" the Scheduling Order entitled him to serve 25 interrogatories and 25 requests for admissions on each defendant; (2) the court has denied his request for appointment of counsel and a copy of the Federal Rules of Civil Procedure; and (3) the court struck the interrogatories he filed.  Those statements do not establish good cause, and the request to serve additional discovery is denied.

### Declarations of Pinson and Toney

The plaintiff and another inmate, Jeremy Pinson, both filed declarations.  The declarations are not submitted in support of any particular brief.  The plaintiff may not simply file declarations; instead, declarations must be submitted in support of a specific pending matter.  Mr. Pinson may not file any materials in this case.[2]  The declarations are stricken.

### Motion for Subpoena

The plaintiff requests that the United States Marshal be ordered to serve a subpoena on the Office of Inspector General and the BOP Office of Internal Affairs for "production of all records of allegations of retaliation or staff misconduct by any named defendants in this action, investigations there into, and conclusions thereof, since the year 2011."  The information sought by the plaintiff is not relevant to his claims.  The Motion for Subpoena is denied.

### Motion for Depositions

---

[2]Mr. Pinson is an abusive pro se litigant.  He has filed at least 30 cases in this court over the last five years and has filed numerous cases in other federal courts.  Mr. Pinson's abusive litigation history is described in <u>Pinson v. Kasdon</u>, D. Colo. Civil Action No. 13-cv-01384-RM-BNB at Doc. # 5 and Attachment A to the Complaint in that case [Doc. # 1] at pp. 9-14.

The plaintiff requests an order permitting the deposition of eight witnesses. The plaintiff does not specifically request that the court pay for the costs of the requested depositions, although he is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. I will consider a request to have the court pay the costs of depositions only if I am satisfied that the request is reasonable. See Burgess v. Andrews, 657 F. Supp. 1153, 1157 (W.D. N.C. 1987). The plaintiff fails to demonstrate that he is unable to obtain relevant and necessary information through written discovery. The Motion for Depositions is denied.

IT IS ORDERED:

(1)   Plaintiff's Motion for a Protective Order and Order to Compelling [sic] Disclosure or Discovery [Doc. #88,] is DENIED;

(2)   The plaintiff's Motion to Seek Leave to Serve Additional (25) Interrogatories and (25) Admissions [Doc. #110] is DENIED;

(3)   The Declaration of Jeremy Pinson [Doc. #102] is STRICKEN; Mr. Pinson shall cease filing papers in this case, and any future filings by Mr. Pinson will be stricken without notice;

(4)   The Declaration of Joe M. Toney, Jr. [Doc. #103] is STRICKEN;

(5)   The Declaration of Joe M. Toney, Jr. [Doc. #111] is STRICKEN;

(6)   The Motion for Subpoena and Service by U.S. Marshal [Doc. #117] is DENIED;

(7)   The Motion for Order Permitting Deposition of Witnesses [Doc. #118] is DENIED;

(8)   The plaintiff shall cease filing papers containing immaterial and impertinent statements and *ad hominem* attacks against the defendants and defendants' counsel;

(9)   Failure to comply with this order may result in sanctions, including dismissal of this case with prejudice.

Dated February 7, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge