IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00111-RM-BNB

JOE M. TONEY, JR.,

Plaintiff,

v.

WARDEN BERKEBILE,
A.W. HALL,
A.W. KUTA,
S.I.S. REDDEN,
R. MARTINEZ,
MS. RANGEL,
MS. SUDLOW, and
MR. MADISON,

Defendants.

_____

**ORDER**
_____

This matter arises on the following papers:

(1)   The plaintiff's **Motion to Reconsider Motion for Order Permitting Depositions of Witnesses** [Doc. #124, filed 02/20/2014] (the "First Motion for Reconsideration");

(2)   The plaintiff's **Motion for Production to Produce a Copy of the Scheduling Conference Transcripts from (Doc. 54)** [Doc. #128, filed 02/24/2014] (the "Motion for Production");

(3)   The plaintiff's **Motion to Reconsider Motion for Subpoena and Service by U.S. Marshal** [Doc. #132, filed 02/25/2012] (the "Second Motion to Reconsider");

(4)   **Plaintiff's Motion for Leave to Answer Defendants' Response (Doc. 134)** [Doc. #139, filed 03/21/2014] (the "Motion to File a Reply"); and

(5)   The plaintiff's **Motion for 7-Day Extension of Time to File a Reply (Doc. #134)** [Doc. #141, filed 03/25/2014] (the "Motion for Extension of Time").

The plaintiff is incarcerated by the Federal Bureau of Prisons ("BOP") at the United States Penitentiary-Administrative Maximum in Florence, Colorado ("ADX").  He filed his Amended Prisoner Complaint on February 15, 2013 [Doc. #20] (the "Amended Complaint"). The Amended Complaint asserts several claims against the defendants for interfering with his incoming and outgoing mail and failing to properly process certain grievances.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

**First Motion for Reconsideration**

On January 24, 2014, the plaintiff filed a motion [Doc. #118] requesting an order permitting the deposition of eight witnesses.  In denying the motion [Doc. #122], I stated:

> The plaintiff does not specifically request that the court pay for the costs of the requested depositions, although he is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.  I will consider a request to have the court pay the costs of depositions only if I am satisfied that the request is reasonable.  See Burgess v. Andrews, 657 F. Supp. 1153, 1157 (W.D. N.C. 1987).  The plaintiff fails to demonstrate that he is unable to obtain relevant and necessary information through written discovery.   The Motion for Depositions is denied.

The plaintiff seeks reconsideration of my order.  The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence

> previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

In the alternative, the plaintiff's motion can be construed as a motion for relief from an order under Fed. R. Civ. P. 60(b). Rule 60(b) relief requires a showing of exceptional circumstances warranting relief from a judgment or order. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). A litigant shows exceptional circumstances by satisfying one or more of the grounds for relief enumerated in Rule 60(b). Id. at 1243-44.

The plaintiff does not satisfy any of the grounds for relief enumerated in Servants of the Paraclete or Rule 60(b). Moreover, despite my order, he does not explain why the testimony is necessary or relevant to his claims, or why he cannot obtain the information through written discovery. The First Motion to Reconsider is an inappropriate attempt to reargue an issue previously addressed by the court, and it is denied.

### Motion for Production

The plaintiff requests that the court provide to him, and pay for, a transcript of the Scheduling Conference held on July 23, 2013. He does not cite any competent authority for his request, nor does he explain in any detail why the transcript is necessary. The Motion for Production is denied.

### Second Motion for Reconsideration

On January 24, 2014, the plaintiff filed a motion [Doc. #117] requesting that the United States Marshal be ordered to serve a subpoena on the Office of Inspector General and the BOP Office of Internal Affairs for "production of all records of allegations of retaliation or staff misconduct by any named defendants in this action, investigations there into, and conclusions thereof, since the year 2011." I denied the plaintiff's motion [Doc. #122] because "[t]he information sought by the plaintiff is not relevant to his claims."

As with the First Motion for Reconsideration, the plaintiff does not satisfy any of the grounds for relief enumerated in <u>Servants of the Paraclete</u> or Rule 60(b). The Second Motion to Reconsider is inappropriate and is denied.

## Motion to File a Reply and Motion for Extension of Time

The plaintiff requests leave to file a reply in support of his motions to reconsider, and he requests a seven day extension of time to file the reply. Those requests are granted.

IT IS ORDERED:

(1) The plaintiff's Motion to Reconsider Motion for Order Permitting Depositions of Witnesses [Doc. #124] is DENIED;

(2) The plaintiff's Motion for Production to Produce a Copy of the Scheduling Conference Transcripts from (Doc. 54) [Doc. #128] is DENIED;

(3) The plaintiff's Motion to Reconsider Motion for Subpoena and Service by U.S. Marshal [Doc. #132] is DENIED;

(4) Plaintiff's Motion for Leave to Answer Defendants' Response [Doc. #139] is GRANTED; and

(5)  The plaintiff's Motion for 7-Day Extension of Time to File a Reply [Doc. #141] is GRANTED.

Dated April 2, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge