IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00111-RM-BNB

JOE M. TONEY, JR.,

Plaintiff,

v.

WARDEN BERKEBILE,
A.W. HALL,
A.W. KUTA,
S.I.S. REDDEN,
R. MARTINEZ,
MS. RANGEL,
MS. SUDLOW, and
MR. MADISON,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on **Defendants' Motion for Judgment on the Pleadings** [Doc. #126, filed 02/24/2014] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff is incarcerated by the United States Bureau of Prisons at the United States Penitentiary, Administrative Maximum ("ADX") in Florence, Colorado. He filed his Amended Prisoner Complaint [Doc. #20] (the "Amended Complaint") on February 15, 2013. The Amended Complaint is not a model of clarity. It contains the following allegations:

1. On January 2, 2013, defendant Madison returned to the plaintiff a rejection to the plaintiff's Request for Administrative Remedy No. 715590-F1. This was the second time Madison held onto a rejection until the plaintiff's time for appeal of the rejection had expired. *Amended Complaint*, pp. 6, 14-20.[1] Defendant Madison did not return or answer two informal Requests for Administrative Remedies (BP-8). Id. at p. 6. Madison violated the plaintiff's First Amendment right to file grievances. Id.

2. A BP-8 regarding withholding of newspapers was not returned to the plaintiff. Id. at p. 7.

3. Defendant Madison has not responded to the plaintiff's requests for "a tier orderly job" in violation of the Equal Protection Clause. Id.

4. On November 19, 2012, the plaintiff requested copies of legal documents. In violation of the First Amendment, Madison "kept (1) set of the copies w/the legal envelope. He had not return it." Id.

5. The plaintiff spoke to defendant Sudlow about Madison's conduct. "Nothing was done." Id.

6. On December 3, 2012, the plaintiff spoke with defendant Rangel regarding Madison's conduct. She told him to "keep filing another grievance" and did not rectify the situation in violation of the First Amendment. Id. at p. 8.

7. On December 27, 2012, the plaintiff "sent a motion to the court [in] Case No. 4:11-cv-780." He did not receive a response. Id.

---

[1] The Amended Complaint is not consecutively paginated. Therefore, I cite to the page numbers of the Amended Complaint as they are assigned by the court's docketing system.

8. The plaintiff has received opened mail where documents from the court were missing. Id.

9. Defendant Redden is in charge of incoming and outgoing mail. Redden violated the First Amendment. Id.

10. Defendant Martinez is also in charge of incoming and outgoing mail and violated the plaintiff's First Amendment rights "in regards of the same above caption matter." Id.

11. On February 6, 2013, the plaintiff spoke with defendant Hall about Madison's conduct. "Ms. Hall is in violation of the constitution for not answering the cop outs, condoning behavior, not making appropriate rounds." Id. at p. 9.

12. The plaintiff spoke once with defendant Kuta. Kuta "violated the constitution by not answering the cop outs, condoning this behavior, not making appropriate rounds." Id.

13. The plaintiff also spoke once with defendant Berkebile, who is "in violation of the constitution for not answering the cop outs, condoning this behavior of staff, not making appropriate rounds to address the retaliation actions on plaintiff in this case by the officers." Id.

I construe the Amended Complaint as asserting claims against all defendants for violation of the plaintiff's First Amendment right to access the courts and against defendant Madison for violation of the plaintiff's equal protection rights.[2] The plaintiff seeks declaratory and injunctive relief.[3]

---

[2] Any other claims the plaintiff may be attempting to assert are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

[3] The plaintiff brings this action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). *Complaint*, p. 5. Although the plaintiff may not

The defendants move for judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P. A party may move for judgment on the pleadings "[a]fter the pleadings are closed--but early enough not to delay trial." Here, the pleadings are closed and no trial date has been set. Therefore, the defendants' Motion is properly filed.

A motion for judgment on the pleadings is reviewed under the same standard of review applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). McHenry v. Utah Valley Hosp., 927 F.2d 1125, 1126 (10th Cir. 1991). In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

---

assert a Bivens claim for damages based on an alleged violation of the First Amendment, see, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009), he may seek declaratory and injunctive relief based on an alleged violation of the First Amendment. Simmat v. U.S. Bureau of Prisons, 413 F.3d 1225, 1233 (10th Cir.2005).

### First Amendment Access to the Courts

The defendants assert that the plaintiff has failed to state a claim for violation of the First Amendment right of access to the courts. *Motion*, pp. 4-6. The right of access to the courts is a fundamental constitutional right. Bounds v. Smith, 430 U.S. 817, 828 (1977). The filing of an administrative grievance is protected under the First Amendment. Williams v. Meese, 926 F.2d 994, 998 (10th Cir. 1991). However, an inmate alleging denial of access to the courts must allege an actual injury. Lewis v. Casey, 518 U.S. 343, 349 (1996). To establish actual injury, the inmate must show that "the denial of legal resources hindered the prisoner's efforts to pursue a nonfrivolous claim." Id. at 356. Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir. 1996) (citing Lewis, 518 U.S. at 351); Gee v. Pacheco, 627 F.3d 1178, 1191 (10th Cir. 2010) ("a prisoner must demonstrate actual injury from interference with his access to the courts--that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement").

The Amended Complaint does not contain any factual allegations to show that the plaintiff was denied legal resources that hindered his efforts to pursue a nonfrivolous legal claim. The motion should be granted insofar as it seeks dismissal of the plaintiff's claims for denial of his First Amendment right to access the courts.

### Equal Protection

The plaintiff alleges that defendant Madison did not respond to his requests for a tier orderly job in violation of his equal protection rights. The defendants assert that the plaintiff fails to state a claim for violation of the Equal Protection Clause. Motion, p. 8.

The Fourteenth Amendment provides that "[n]o State shall make or enforce any law

which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend XIV, § 1. "[T]he Fifth Amendment imposes on the Federal Government the same standard required of state legislation by the Equal Protection Clause of the Fourteenth Amendment." Schweiker v. Wilson, 450 U.S. 221, 227 n.6 (1981). The Amended Complaint does not allege any facts that would invoke the equal protection clause. The Motion should be granted to the extent it seeks dismissal of the plaintiff's claim for violation of his equal protection rights.

I respectfully RECOMMEND that Defendants' Motion for Judgment on the Pleadings [Doc. #126] be GRANTED and that the Amended Complaint be DISMISSED in its entirety.[4]

Dated April 3, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[4] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).