**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13-cv-00111-RM-BNB

JOE M. TONEY, JR.,

      Plaintiff,

v.

WARDEN BERKEBILE,
A.W. HALL,
A.W. KUTA,
S.I.S. REDDEN,
R. MARTINEZ,
MS. RANGEL,
MS. SUDLOW, and
MR. MADISON,

      Defendants.

---

## ORDER

---

THIS MATTER is before the Court on Plaintiff's Motion for a 14-Days Extension of Time (ECF No. 154) and Motion for Partial Summary Judgment (ECF No. 151).  The Court has reviewed the two motions, Defendants' responses, the Court file, and the applicable rules and law, and finds that replies are not necessarily to assist in the determination of the motions.  *See* D.C.COLO.LCivR 7.1(d) (judicial official not precluded from ruling on motion any time after it is filed).  Upon consideration of the papers and applicable rules and law, the Motion for Extension of Time is granted in part and denied in part, and the Motion for Partial Summary Judgment is denied as stated herein.

On April 2, 2013, Magistrate Judge Boyd N. Boland issued an Order addressing various motions filed by Plaintiff.  (ECF No. 146.)

On April 3, 2014, Magistrate Judge Boyd N. Boland issued a Recommendation that Defendants' Motion for Judgment on the Pleadings be granted and Plaintiffs' Amended Complaint be dismissed in its entirety.  (ECF No. 150.)  The parties were advised they had 14 days to serve and file specific, written objections to the Recommendation.

On April 11, 2014, Plaintiff filed the Motion for Partial Summary Judgment, stating that a statement of facts and other documents (collectively, "Brief") will be filed within 14 days.  No reason or legal authority was cited to support the filing of a motion and separate brief 14 days later.

On April 24, 2014, Plaintiff filed the Motion for Extension of Time, requesting a 14-day extension in which to file: (1) an objection to the Order; (2) an objection to the Recommendation; and (3) a Brief.  Defendants did not oppose an extension of time for Plaintiff to file an objection to the Recommendation but did oppose an extension of time to file his Brief.  Concomitantly, Defendants opposed the Motion for Partial Summary Judgment on the grounds that it is untimely.  Defendants did not address Plaintiff's request for an extension to file an objection to the Order.

Rule 6(b), Fed.R.Civ.P., provides the Court may, for good cause, extend time for a party to act if the request is made before the original time, or its extension, expires.  Where a request is made after the time for acting has expired, the party must show excusable neglect.  *Id.*  Here, Plaintiff cites to events which occurred on or after February 28, 2014 to support his requests, including the notification of family deaths which occurred five months previously, this and another pending matter, and problems with his out and incoming mail.  Although the stated reasons for the belated requested extensions are thin, the Court finds them sufficient under these circumstances as to the filing of objections to the Recommendation and Order.

The cited reasons, however, are insufficient to support allowing the Motion for Summary Judgment and granting the related extension of time to file a Brief.  The Scheduling Order (ECF No. 55) set the dispositive motions deadline as February 24, 2014.  The Motion for Partial Summary Judgment, however, was filed April 11, 2014, without any factual or legal basis and without requesting an extension of time.  As such, it is untimely.  Plaintiff's Motion for Extension of Time to file a Brief does not address the belated Motion for Partial Summary Judgment.  Further, even if the motion for extension could be liberally construed to cover not only the Brief but also the Motion for Partial Summary Judgment, the reasons cited therein are insufficient as dispositive motions were due before the events cited as the bases for the requested extension.  Plaintiff relies on Fed.R.Civ.P. 56, but that rule states that a party may file a motion for summary judgment at any time until 30 days after the close of all discovery, "*unless* a different time is set by local rule or the court orders otherwise."  (Emphasis supplied.)[1] Accordingly, it is therefore

ORDERED that Plaintiff's Motion for A 14-Days Extension of Time (ECF No. 154) is GRANTED in part and DENIED in part as follows:

1.  Plaintiff's request is granted as to the time to file objections to the Order (ECF No. 146) and Recommendation (ECF No. 150) and those objections are due on or before May 8, 2014; and

2.  Plaintiff's request is denied as to the time to file any brief, statement of facts, affidavits or otherwise in support of his Motion for Partial Summary Judgment and, to the extent also requested, to file his Motion for Partial Summary Judgment; and

---

[1] Plaintiff also did not show the Motion for Partial Summary Judgment was, or the Brief would be, filed within 30 days of the close of discovery.

FURTHER ORDERED that Plaintiff's Motion for Partial Summary Judgment (ECF No. 151) is DENIED as untimely.

DATED this 30th day of April, 2014.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge