IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00111-RM-BNB

JOE M. TONEY, JR.,

Plaintiff,

v.

WARDEN BERKEBILE,
A.W. HALL,
A.W. KUTA,
S.I.S. REDDEN,
R. MARTINEZ,
MS. RANGEL,
MS. SUDLOW, and
MR. MADISON,

Defendants.
_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion to Recuse** [Doc. #149, filed 04/03/2014] (the "Motion"). The plaintiff requests that I recuse from this case pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455 because (1) I am biased against him and (2) I have ruled in favor of the defendants throughout the proceedings.  The Motion is DENIED.

This is the plaintiff's second motion for recusal.  I denied [Doc. #98] the first motion for recusal under 28 U.S.C. § 144 because section 144 requires an affidavit showing that the "judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  As with his first motion for recusal, the plaintiff has not submitted a supporting affidavit with his Motion. Therefore, he does not provide a basis upon which I should recuse under 28 U.S.C. § 144.

As to the plaintiff's request for recusal under 28 U.S.C. § 455,[1] his complaints are centered entirely around my judicial actions in this matter. He complains that I granted the defendants' motion to depose him on the same day it was filed [Docs. ##113 and 116]; I denied "plaintiff's motions and access from preparing this case for trial"; I "manipulat[ed] the court's record and filings in favor of the defendants"; I withheld the "plaintiff's motions for a period and deni[ed] them all in one" order. He does not provide any specific facts to show that I denied him "access from preparing this case for trial" or that I "manipulated the record" in favor of the defendants. Conclusory allegations of bias are insufficient to support a motion for recusal.

As for his complaint that I denied his motions, the plaintiff asserts that on April 2, 2014, "the court filed multiple orders with recommendation and defendants reply" in favor of the defendants. On April 3, 2014, I issued a recommendation [Doc. #150] to grant the defendants' motion for judgment on the pleadings. On April 2, 2014, I entered an order [Doc. #146] denying multiple motions filed by the plaintiff.

First, I denied the plaintiff's motion to reconsider a previous order regarding depositions of witnesses, stating:

---

[1] 28 U.S.C. § 455 provides in relevant part:

> (a) Any justice, judge, or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . .

> On January 24, 2014, the plaintiff filed a motion [Doc. #118] requesting an order permitting the deposition of eight witnesses. In denying the motion [Doc. #122], I stated:
>
>> The plaintiff does not specifically request that the court pay for the costs of the requested depositions, although he is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.  I will consider a request to have the court pay the costs of depositions only if I am satisfied that the request is reasonable.  See Burgess v. Andrews, 657 F. Supp. 1153, 1157 (W.D. N.C. 1987).  The plaintiff fails to demonstrate that he is unable to obtain relevant and necessary information through written discovery.  The Motion for Depositions is denied.

I denied the motion because the plaintiff did not meet any of the legal criteria for reconsideration, and despite my previous order, he did not explain whey the deposition testimony was necessary or relevant to his claims, or why he could not obtain the information through written discovery.

Second, I denied the plaintiff's request that the court provide to him, and pay for, a transcript of the Scheduling Conference because the plaintiff did not "cite any competent authority for his request, nor [did] he explain in any detail why the transcript is necessary."

Finally, I denied another motion for reconsideration.  The plaintiff sought reconsideration of my order denying his request "that the United States Marshal be ordered to serve a subpoena on the Office of Inspector General and the BOP Office of Internal Affairs for 'production of all records of allegations of retaliation or staff misconduct by any named defendants in this action, investigations there into, and conclusions thereof, since the year 2011.'"  I denied the plaintiff's original motion because "[t]he information sought by the plaintiff is not relevant to his claims."

I denied his motion for reconsideration because he did not satisfy any of the criteria for reconsideration.

"Under section 455, the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992)(internal quotations omitted).  The plaintiff does not provide any facts from which a reasonable person could question my impartiality based on my rulings against the plaintiff.  Indeed, adverse rulings, without more, do not satisfy the requirements for disqualification.  United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993);  Liteky v. United States, 510 U.S. 540, 555-56 (1994).

"[T]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."  Burger, 964 F.2d at 1070.  The plaintiff has not provided any reasons to justify my recusal under 28 U.S.C. § 455 or 28 U.S.C. § 144.  He has not presented any facts from which a reasonable person could infer or conclude that I am biased or prejudiced against him.  I hold no bias nor enmity against the plaintiff.  Under these circumstances, I am required to continue to serve pursuant to the Order of Reference entered by the district judge.

IT IS ORDERED that the Motion [Doc. #149] is DENIED.

Dated May 21, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge