IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 13-cv-00111-RM-NYW

JOE M. TONEY, JR.,

    Plaintiff,

v.

WARDEN BERKEBILE,
A.W. HALL,
A.W. KUTA,
S.I.S. REDDEN,
R. MARTINEZ,
Ms. RANGEL,
Ms. SUDLOW, and
Mr. MADISON,

    Defendants.

---

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION (ECF No. 150) AND ORDERS (ECF NOS. 146 & 163), AND OVERRULING PLAINTIFF'S OBJECTIONS, AND GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 126)**

---

This matter is before the Court on two orders and one recommendation by Magistrate Judge Boyd N. Boland[1] and Plaintiff's objections to those filings. The filings at issue are as follows:

**A.    Discovery Matters.**

(1) An Order by Magistrate Judge Boland ("First Order") (ECF No. 146) on five motions filed by Plaintiff Joe M. Toney ("Plaintiff") (ECF Nos. 124, 128, 132, 139, 141);

---

[1] On February 9, 2015, this case was reassigned to Magistrate Judge Nina Y. Wang upon her appointment.

(2) Plaintiff's Motion to Submit Objections (ECF No. 161) to the First Order;

**B.     Recusal Matters.**

(1) An Order by Magistrate Judge Boland ("Second Order") (ECF No. 163) denying Plaintiff's Motion to Recuse (ECF No. 149); and

(2) Plaintiff's Motion to Submit Objections (ECF No. 166) to the Second Order.

**C.     Dispositive Matters.**

(1) Magistrate Judge Boland's Recommendation ("Recommendation") (ECF No. 150) on Defendants' Motion for Judgment on the Pleadings (ECF No. 126);  and

(2) Plaintiff's Motion to File Objections Out of Time (ECF No. 160) to the Recommendation (ECF No. 150).

For the reasons below, Plaintiff's objections to Magistrate Judge Boland's First and Second Orders are OVERRULED; Magistrate Judge Boland's Recommendation to grant Defendants' Motion for Judgment on the Pleadings is ADOPTED; Judgment on the Pleadings is GRANTED for the Defendants; and this case is DISMISSED.

**I.     LEGAL STANDARDS**

   **A.     Review of a Magistrate Judge's Dispositive Report and Recommendation.**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  An objection is proper if it is filed timely in accordance with the Federal Rules of Civil

Procedure and specific enough to let the "district judge…focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of a recommendation to serve and file specific written objections to that recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge. *Thomas v. Arn*, 474 U.S. 140, 148–53 (1985). It also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996).

### B. Review of the Magistrate Judge's Non-Dispositive Orders.

In considering timely objections to non-dispositive rulings by a magistrate judge, the Court must adopt the magistrate judge's ruling unless it finds that the ruling is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks and citation omitted).

The "contrary to law" standard permits "plenary review as to matters of law," but the Court will set aside a Magistrate Judge's order only if it applied the wrong legal standard or

applied the appropriate legal standard incorrectly.  12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3069, at 350, 355 (2d ed. 1997).  "Because a magistrate judge is afforded broad discretion in the resolution of non-dispositive . . . disputes, the court will overrule the magistrate judge's determination only if his discretion is abused." *Ariza*, 167 F.R.D. at 133; *see also* Wright *et al.*, *supra*, at 350 (noting that the "contrary to law" standard appears to invite plenary review but noting that "many matters . . . might be better characterized as suitable for an abuse-of-discretion analysis").

  **C.**  **Standards for Dismissal.**

  A Rule 12(c) motion for judgment on the pleadings is evaluated using "the standard of review applicable to a Rule 12(b)(6) motion to dismiss." *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F. 3d 1219, 1223 (10th Cir. 2009) (quoting *Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005)); *see also Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012).

  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

D.      *Pro Se* Status.

Plaintiff is proceeding *pro se*; as such, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II.     FACTS AND PROCEDURAL HISTORY

Plaintiff, proceeding *pro se*, is incarcerated by the United States Bureau of Prisons at the United States Penitentiary, Administrative Maximum ("ADX") in Florence, Colorado.  He filed his Amended Prisoner Complaint (ECF No. 20) on February 15, 2013.  He alleged thirteen separate claims, which this Court construes, like Magistrate Judge Boland did, as denial of his First Amendment right to access to the courts against all defendants, and a violation of the Plaintiff's equal protection rights.  (ECF No. 150).  Plaintiff seeks declaratory and injunctive relief.  Like all of his subsequent filings, it is not a model of clarity.

Defendants moved for judgment on the pleadings, alleging that Plaintiff failed to state a claim for violation of the First Amendment or the Fifth Amendment.  Magistrate Judge Boland recommended granting judgment on the pleadings (ECF No. 150), to which Plaintiff objected, untimely. (ECF No. 160.)  The response was untimely, even after this Court granted him an extension.  (Order, ECF No. 158.)

During the course of discovery in this matter, the magistrate judge made various rulings on non-dispositive matters.  Several of the rulings were contained in an Order filed at ECF No. 146.  At the same time that Plaintiff filed his untimely objections to the Recommendation, he

also filed untimely objections (ECF No. 161) to the discovery order. Again, this was notwithstanding the fact that the Court had granted him an extension of time (ECF No. 158).

Whether motivated by the discovery order or not, shortly after issuance of the discovery order, Plaintiff filed a Motion to Recuse, (ECF No. 149.) The magistrate judge denied the motion. (ECF No. 163.) Plaintiff timely filed objections. (ECF No. 166.)

## III.   ANALYSIS

This Court has reviewed the Recommendation, the Orders, Plaintiff's objections and all relevant pleadings, and concludes that, apart from one minor issue that does not necessitate an outcome different from that reached by the magistrate judge, Magistrate Judge Boland's analysis of the issues on which objections were filed was thorough and his conclusions were correct.

### A.   Plaintiff's Objection (ECF No 161) to Magistrate Judge Boland's April 2, 2014, Order (ECF No. 146) – the First Order.

On April 2, 2014, Magistrate Judge Boland considered five separate motions which Plaintiff filed. In the First Order, Judge Boland denied all of them, except a motion to file a reply. (ECF No. 146.) Plaintiff now submits a limited objection, but his objection, filed May 13, 2014, is untimely. Plaintiff's untimeliness ends the Court's need for further analysis. However, the Court recognizes his *pro se* status and will nonetheless address his objections. Plaintiff's objections—to the extent that this Court can discern them—fail.

As the First Order is not dispositive of a claim or a defense, this Court reviews it for clear error. Plaintiff's objections concern the ruling on only two motions: his Motion to Reconsider Motion for Order Permitting Depositions of Witnesses (ECF No. 124) and his Motion for Production to Produce a Copy of the Scheduling Conference Transcript's From (ECF No. 128).

Plaintiff states that his objections relating to his "motion for order permitting depositions" are included in his objections to the Recommendation to grant Defendants' motion for judgment on the pleadings. (ECF No. 161 at 1–2.) But other than accusing the magistrate judge of bias, no particular objection is therein raised. To the extent Plaintiff has specific objections to the order denying his motion for reconsideration, he must include those in the objections. He has not done so, and he fails to demonstrate any reason why the First Order denying his motion for reconsideration is clearly erroneous. Indeed, nothing filed by Plaintiff even addresses the proper bases for reconsideration. His objection is overruled.

Plaintiff also objects to the denial of his motion for a copy of the transcript for the scheduling conference because the transcript is "essential for appellate review." (ECF No. 161 at 2.) However, Magistrate Judge Boland correctly found that Plaintiff "does not cite any competent authority for his request, nor does he explain in any detail why the transcript is necessary." (ECF No. 146 at 3.) Here, again, the First Order is not clearly erroneous. Plaintiff's objection is overruled.

### B. Plaintiff's Objection (ECF No. 166) to Magistrate Judge Boland's Order denying Plaintiff's Motion to Recuse – the Second Order.

Plaintiff objects (ECF No. 166) to the Second Order (ECF No. 163) denying Plaintiff's Motion to Recuse (ECF No. 149). Plaintiff requested that Magistrate Judge Boland recuse himself from the case pursuant to 28 U.S.C. §§ 144 and 455 because: (1) he is biased against Plaintiff, and (2) he has ruled in favor of Defendants throughout the proceedings. Plaintiff has two bases for objection to the denial of his motion, although only one is articulated in a manner reasonably construable as an objection.

First, Plaintiff objects to the denial of the 28 U.S.C. § 144 aspect of his motion based on the magistrate judge's finding that the statute "requires an affidavit" showing personal bias or prejudice and "plaintiff has not submitted a supporting affidavit with his Motion." (ECF No. 163 at 1.) Plaintiff notes, correctly, that contemporaneously with his motion, he filed a "Declaration Joe m. Toney, Jr." (ECF No. 148). Plaintiff contends that his declaration should be considered as a supporting affidavit as he is pro se and the declaration purported to be submitted under penalty of perjury. The Court agrees and will review the matter de novo.

The "affidavit" submitted by Plaintiff is hardly a "sufficient affidavit" within the meaning of 28 U.S.C. § 144. Rather than meaningfully suggest bias, the "affidavit" simply recites rulings made adverse to plaintiff followed by the wholly conclusory statement that "the court been in favor of defendants' throughout the proceedings." Moreover, it lacks a certificate that it was filed in good faith as required by 28 U.S.C. § 144. (ECF No. 148 at 3.) And even were this Court to consider the "affidavit" technically sufficient – which it is not – I would deny the motion as no bias is shown or even suggested by a mere recitation of adverse rulings. Moreover, I accept Magistrate Judge Boland's explanation of his various rulings as set forth in that portion of the Second Order addressing recusal on § 455 grounds.

Second, Plaintiff objects to the magistrate judge's refusal to recuse under 28 U.S.C. § 455 because the "magistrate court denial's constitute a violation of due process and plaintiff 'objects'…." This conclusory statement, without explanation, follows Plaintiff's statement of his reasons for filing two of the motions which the magistrate judge had denied before Plaintiff filed his motion to recuse.

Plaintiff's conclusory statement is not a sufficient objection. And his explanation as to why he filed motions which ultimately were denied amounts to little more than disagreement with the magistrate judge's eventual rulings. But disagreement is a far cry from proof of bias. The Court agrees that the magistrate judge properly denied Plaintiff Motion to Recuse under 28 U.S.C. § 455. Plaintiff's objection is overruled.

### C. Plaintiff's Objections (ECF No. 160) to Magistrate Judge Boland's Recommendation (ECF No. 150) on Defendants' Motion for Judgment on the Pleadings (ECF No. 126).

On April 3, 2014, Magistrate Judge Boland recommended granting judgment on the pleadings in Defendants' favor, and that Plaintiff's Amended Complaint be dismissed in its entirety. (ECF No. 150.) After the deadline for any objections, Plaintiff filed a motion for a fourteen day extension of time on April 24, 2014. (ECF No. 154.) That motion was granted by the Court and Plaintiff's time for objection extended to May 8, 2014. Despite this, Plaintiff still did not file objections in a timely manner. Instead, a Motion to File Objections Out of Time to the Recommendation of the Magistrate Judge Order (ECF No. 160) was filed on May 13, 2014. Recognizing the untimeliness, Plaintiff prefaced the objection with a request that this Court "consider his objections out of time." (ECF No. 160 at 1.)

As Plaintiff has failed to show good cause, the Court denies Plaintiff's motion for any extension of time, and his untimely objection to the Recommendation obviates the need for further analysis. However, in light of his *pro se* status, the Court will nonetheless briefly address Plaintiff's allegations of what he deems "abuse of process," "bias against the plaintiff," and "bias in favor of the defendant." Even considering Plaintiff's "objections" under the standard most generous to him (*de novo*, and also liberally construing his *pro se* claims), they still fail.

### 1. Abuse of process.

Alleging "abuse of process," Plaintiff appears to claim that Magistrate Judge Boland and the Court (what he calls "the magistrate court") have violated his rights by not allowing him to file any pre-trial motions. (ECF No. 160.) If meant as some form of actionable claim, judicial immunity prohibits Plaintiff from making such claims against Magistrate Judge Boland in his judicial capacity. *Pierson v. Ray,* 386 U.S., at 554, 87 S.Ct., at 1218 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"). If otherwise interpreted as a criticism that Plaintiff has not been permitted to obtain evidence through discovery and that this lack of evidence has inhibited Plaintiff's ability to counter the Defendants' motion for judgment on the pleadings, Plaintiff's "objection" fails.

The objection fails to take issue with any finding or legal conclusion in the Recommendation. Instead, it by-passes the Recommendation and quarrels with various discovery issues which are neither relevant to nor referenced in the Recommendation. And Plaintiff misses the point in any event. The motion for judgment on the pleadings addresses the adequacy of the allegations of the Amended Complaint, not the sufficiency of latter developed evidence. Plaintiff does not even attempt to defend the adequacy of his pleadings. The objection is overruled.

### 2. Bias against Plaintiff.

Plaintiff also alleges that Magistrate Judge Boland is biased against him. Plaintiff has made this claim before—twice—and Magistrate Judge Boland and this Court have now rejected it. (See ECF Nos. 98 & 163.) Again, Plaintiff does not even attempt to challenge the findings and legal conclusions in the Recommendation. Instead, he urges the Court simply to "grant" his

objection and "remand." (ECF No. 160, at 4.) This is not a valid objection to the recommendation as it is directed to no aspect of the Recommendation. Rather, it is a repeat and rehashing of the Motion to Recuse which this Court has now rejected. The "objection" fails.

### 3. Bias in favor of Defendants.

Plaintiff lastly alleges that Magistrate Judge Boland is "[biased] in favor of the defendant." (ECF No. 160 at 4.) At least by title, it would appear that this objection is similar if not identical to Plaintiff's other bias "objection." But this one, despite its title, is different.

What Plaintiff argues is that the Recommendation should not have been in favor of granting the Defendants' Motion for Judgment on the Pleadings because Defendants "filed 'no' factual 'evidence' of material fact's under the circumstances that 'render' a 12(b) motion." (ECF No. 160, at 5-6). In support, Plaintiff cites *Green v. United States*, 630 F.3d 1245, 1249 (9th Cir. 2011) ("*Green*"). Plaintiff misunderstands *Green* and assumes that all Rule 12 motions are evaluated under the same standards. He is wrong.

*Green* involved a Rule 12(b)(1) motion where the matter at issue was whether the district court had subject matter jurisdiction under the Federal Tort Claims Act in the face of a claim that the discretionary function exception shielded the government from suit. In response to the government motion, the defendants attempted to amend their complaint to plead violation of government policy and regulations (which would have overcome the discretionary function exception). The district court denied the motion to amend because "there was no evidence in the record to support [the] new contention." *Green*, at 1248. From this, Plaintiff crafts a belief that a Rule 12(c) motion (or a Rule 12(b)(6) motion) must be supported by factual evidence. Since

none was provided here, he argues that Defendants' motion was defective, as was the Recommendation to grant the motion.

Suffice to say, the objection is overruled. The matter at hand involves neither a Rule 12(b)(1) motion nor a motion to amend. Plaintiff's claim that Defendants were obligated to provide the Court with either evidence or some recitation of undisputed material facts is simply wrong. Defendants' motion was directed to Plaintiff's pleadings. And the lack of a factual presentation was not and is not an impediment to the issuance of the Recommendation.

## IV. CONCLUSION

Based on the foregoing, it is ORDERED that:

(1) Plaintiff's Motion to Submit Objections to the United States Magistrate Judge Order (ECF No. 161) is DENIED and any Objections therein OVERRULED.

(2) Plaintiff's Motion to Submit Objections to the United States Magistrate Judge Order (ECF No. 166) is DENIED and any Objections therein OVERRULED.

(3) Plaintiff's Motion to File Objections Out of Time to the Recommendation of the Magistrate Judge Order (ECF No. 160) is DENIED and any Objections therein OVERRULED.

(4) Magistrate Judge Boland's Recommendation (ECF No. 150) on Defendants' Motion for Judgment on the Pleadings (ECF No. 126) is ADOPTED.

(5) Defendants' Motion for Judgment on the Pleadings (ECF No. 126) is GRANTED in favor of the Defendants and the Complaint is dismissed with prejudice.  The Clerk of the Court is directed to enter JUDGMENT in favor of Defendants and against Plaintiff and CLOSE this case.

DATED this 13th day of March, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge